UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) Case No. 4:16CR412 RWS/PLC |
| | ) |
| ARCHIE L. BUTLER, | ) |
| | ) |
|     Defendant. | ) |

## Report and Recommendation

The Government charged Archie Butler ("Defendant") with violation of 18 U.S.C. §922(g)(1) (felon in possession of a firearm). Defendant filed a Motion to Suppress Physical Evidence [Doc. 23] and a Motion to Suppress Statements [Doc. 24].[1] The Government filed a response [Doc. 29]. The Court held a hearing on November 21, 2016.[2] Based upon the arguments of the parties and the evidence adduced at the hearing, the Court recommends denial of Defendant's motions.[3]

## Findings of Fact

Officer Sarah Mesnage of the St. Louis Metropolitan Police Department responded to a "burglary in progress" after a call was received from an unknown individual stating that after hearing a loud noise at an apartment complex on Halls Ferry Road, the individual observed a

---

[1] Defendant did not file a memorandum of law in support of either motion.
[2] The Government asserts that Defendant was not entitled to a hearing because Defendant's motions do not contain "definite, specific, detailed, or non-conjectural facts." The Court agrees that the bulk of both motions are generic and insufficiently particularized. See United States v. Stevenson, 727 F.3d 826, 830-31 (8th Cir. 2013). ("A district court must hold an evidentiary hearing only when the moving papers are sufficiently definite, specific and detailed to establish a contested issue of fact.") However, Defendant alleged in his motions at least one particularized allegation sufficient to raise a contested issue of fact.
[3] This matter is before the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. Section 636(b).

black male in dark or all black clothing "run out" the front door of an apartment off of a gangway. Officer Mesnage and another officer entered through a gate into the apartment complex and spoke to witnesses who advised that the incident occurred in an apartment in a gangway and that the individual remained in the vicinity. Following the conversation with the witnesses, the officers observed a black man in dark clothing in the described gangway and approached the individual.

The officers approached the individual, later identified as Defendant, and asked to speak to him. Defendant was cooperative. Officer Mesnage asked Defendant if he had any weapons and he replied that he did not. At that point, the other officer, Officer Bianchi, patted down Defendant for safety reasons. Officer Mesnage elaborated that the pat-down was necessary because of the "location of the subject, and also his stature, for our safety we conducted it just to ensure he did not have any weapons." The pat-down revealed a weapon in Defendant's back right pants pocket and he was subsequently handcuffed because "he had already lied…[and] for further safety concerns."

At the time Officer Mesnage handcuffed Defendant, she did not advise Defendant that he was under arrest. Officer Bianchi asked Defendant if he had a concealed carry permit, and whether he was on probation or parole or a convicted felon. Defendant acknowledged he was on probation and was a convicted felon. Officer Mesnage described the encounter as casual and Defendant as cooperative. Upon determining that Defendant was a felon, Officer Mesnage arrested Defendant for felon in possession of a weapon. At that time, she read Defendant his Miranda rights and asked him if he wanted to make a statement. Defendant declined to make a statement.

Defense counsel cross-examined Officer Mesnage and established that the unidentified

caller described the suspect as wearing all black clothing rather than dark clothing. Officer Mesnage also confirmed that when taken into custody, Defendant was wearing blue jeans and that the witnesses did not identify him as the individual who ran out of the apartment. The officers did not arrest Defendant for burglary of the apartment.

## Conclusions of Law

Defendant moves to suppress his statements on the grounds that the statements were not voluntary in that: (1) "Defendant was not presented to a magistrate as soon as practicable…."; (2) the length and nature of Defendant's custody was coercive given Defendant's age, education, background and physical and mental condition at the time of the interrogation; (3) Defendant was subject to mental and physical duress during his interrogation, including the use of threats and promises; (4) Defendant was not advised of his constitutional rights; (5) Defendant was arrested without probable cause; and (6) "Defendant was stopped and detained based upon a description so vague and without substance as to constitute an illegal stop. The only description given was a black man wearing all black." Defendant moves to suppress physical evidence on the grounds that: (1) evidence seized from "his vehicle, his person or any premise (sic)" was seized as a result of an unlawful search conducted without a warrant or justification; (2) Defendant's arrest was not based upon probable cause; and (3) "Defendant was stopped and detained upon a description so vague and without substance as to constitute an illegal stop. The only description given was a black man wearing all black."

The Government counters that the officer had a reasonable suspicion of criminal activity permitting Defendant's brief detention. The Government also asserts that Defendant was hand-cuffed and patted-down for safety reasons and the officers' brief detention of Defendant was the product of a reasonable, though mistaken, belief that Defendant was the burglary suspect they

3

were searching for. Finally, the Government contends that Defendant was not in custody when he made his statement and that he was arrested only after he voluntarily stated he was a felon.

In the only particularized portion of both motions, Defendant asserts that the description of the burglary suspect as a black male wearing black clothing was an insufficient basis for stopping and detaining Defendant. A police officer may stop an individual when an officer has a reasonable suspicion that a crime "may be afoot." Terry v. Ohio, 392 U.S. 1, 30 (1968). To determine whether an officer has a reasonable suspicion, a court considers "the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)). Personal observation by officers or information that officers have obtained through other sources may serve as justification for a Terry stop. White v. United States, 448 F.2d 250, 251-52 (8th Cir. 1971) (citing Terry, 392 U.S. at 21). A police officer is also entitled to make reasonable inquiries and "for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing… in an attempt to discover weapons which might be used to assault him." Terry, 392 U.S. at 30.

In this case, the officer testified that Defendant matched witness descriptions of a suspected burglar who had kicked in the door of an apartment and remained in the immediate vicinity of the burglarized apartment. In addition to Defendant's geographic proximity to the burglarized apartment, the officers also stopped Defendant very close in time to the incident.

At the hearing, Defendant's counsel appeared to imply that the officers did not have reasonable suspicion to stop and pat-down Defendant because although he was black, he had on blue jeans and thus was not dressed in all black clothing as the witnesses described. Given

Defendant's proximity in time and location to the reported incident, the discrepancy between a description of black clothing and Defendant's blue jeans is alone insufficient to undermine the officer's reasonable suspicion that Defendant was connected to the criminal activity reported by the witness.  See United States v. Woods, 747 F.3d 552, 556-57 (8th Cir. 2014) (wearing of camouflage hat rather than black hat insufficient to negate reasonable suspicion under the totality of circumstances); see also United States v. Quinn, 812 F.3d 694, 698 (8th Cir. 2016) ("[A] person's temporal and geographic proximity to a crime scene, combined with a matching description of the suspect, can support a finding of reasonable suspicion.")  Moreover, even assuming a "vague" description, the Eighth Circuit has held that "generic suspect descriptions and crime scene proximity can warrant reasonable suspicion," particularly where, as here, "there are few or no other potential suspects in the area who match the description." 812 F.3d at 699.

Other than the purported vagueness of the witness description, Defendant proffers no other evidence that counters the officer's testimony that she was suspicious of unlawful activity and concerned for her safety.  Defendant also does not dispute that the officers conducted a "carefully limited search of the outer clothing" resulting in the discovery of the weapon.  Finally, Defendant does not dispute that he volunteered the statement that he was a felon.  Defendant was arrested only after he admitted that he was a felon.  He was then Mirandized and declined to make any further statements.

Based upon the record, the Court concludes that the police officers stopped Defendant based upon a reasonable suspicion of criminal activity.  The subsequent brief detention, questioning, pat-down and eventual arrest were therefore permissible under the Fourth Amendment.  Likewise, Defendant's statement that he was a felon was voluntary and made prior to the officers taking him into custody.

**ACCORDINGLY**,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Physical Evidence [Doc. 23] and Motion to Suppress Statements [Doc. 24] be **DENIED**. The parties are advised that they have **fourteen (14) days** in which to file written objections to this Recommendation pursuant to 28 U.S.C. Section 636(b)(1). Failure to file timely objections may result in waiver of the right to appeal questions of fact.

                                                                                PATRICIA L. COHEN
                                                                                UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of December, 2016